IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROSARIA SINISI, | * | Case No. |
|    Plaintiff | * | |
| | * | |
| VERSUS | * | Section |
| | * | |
| BROADWAY BOUND | * | Judge |
| COSTUMES INC. | * | |
|    Defendant | * | Magistrate Judge |
| _____/ | | DEMAND FOR JURY TRIAL |

## COMPLAINT

Plaintiff Rosaria Sinisi avers as follows:

### JURISDICTION AND VENUE

1. This is an action seeking equitable relief and damages arising under the provisions of §43(a) of the Lanham Act, 15 U.S.C. §1125(a), and the Copyright Act of 1976, 17 U.S.C. §101 *et seq.* Jurisdiction of this Court is invoked under 15 U.S.C. §1121 as an action arising under the Lanham Act, 15 U.S.C. §1051 *et seq.*; under 28 U.S.C. §1331, as a civil action arising under the Constitution, laws, or treaties of the United States; under 28 U.S.C. §§1337 and 1338; and under 28 U.S.C. §1332.

2. This Court has personal jurisdiction over Defendant Broadway Bound Costumes Inc. because Broadway Bound Costumes Inc. has its principal place of business in the state of Louisiana and has engaged in, contributed to, and induced the infringing conduct at issue within the United States and the state of Louisiana and has, *inter alia*, purposefully directed its activities at the United States and in Louisiana.

3. Venue is proper in this district in accordance with 28 U.S.C. §1391 and 28 U.S.C. §1400(a) in that, *inter alia*, Defendant may be found in the state of Louisiana.

4. Plaintiff Rosaria Sinisi ("Sinisi") is a citizen of Brooklyn, New York.

5. Defendant, Broadway Bound Costumes Inc. ("BBCI") is a corporation with its principal place of business at 2737 Canal Street, New Orleans, Louisiana.

## ALLEGATIONS COMMON TO ALL CLAIMS

6. In 1994, Sinisi acquired by inheritance the copyrights held by the late Oliver Smith in and to set designs for various productions during the era known as Broadway's Golden Age of musical theater. Smith died on January 23, 1994.

7. Smith was a member of United Scenic Artists Local USA 829, and as such was party to and subject to a collective bargaining agreement describing the scope and definition of services of a scenic designer, covering his employment and specifying that the designer retain all rights to license or assign his designs.

8. Smith's creative works included set designs (collectively "Designs" and for each show individually "Design") for the original productions of Broadway musicals, including, but not limited to, *My Fair Lady, Hello, Dolly!, Camelot, Brigadoon, West Side Story, On the Town,* and *Sound of Music,* as well as for many straight plays and a wealth of ballets, among them many well known works choreographed by Jerome Robbins and

Agnes DeMille. His creations for *Hello, Dolly!* (the "*Hello, Dolly!* Design") earned Oliver Smith a Tony Award for Best Scenic Design in 1969.

9. Smith did not assign his copyrights in any of his Designs during his lifetime. The Estate of Oliver Smith assigned the copyrights held by Smith in all his creative works at the time of his death in 1994 to Sinisi by instrument dated December 8, 1995. [See Exhibit 1].

10. Sinisi recorded the instrument transferring the copyrights in the United States Copyright Office under V3462, D284 on December 4, 2000. [See Exhibit 2].

11. The Oliver Smith Designs, including the *Hello, Dolly!* Design, are original and unique works of art fixed in tangible form in technical drawings and color sketches, as well as in the actual scenery constructed therefrom. The Designs, including the *Hello, Dolly!* Design, constitute pictorial, graphic or sculptural works and dramatic works within the meaning of 17 U.S.C. §102.

12. Sinisi registered the technical drawings for Smith's *Hello, Dolly!* Design with the United States Copyright Office in a filing titled "Ground plans and Elevations for Scenic Design of the Broadway Musical *Hello, Dolly!*" on December 5, 1996 under Registration No. VAu360-243. She filed additional registrations throughout the 1990s and early 2000s for color sketches created by Mr. Smith for *Hello, Dolly!*.

13. As the legitimate and presumptive owner of Mr. Smith's copyrights, Sinisi licenses, for a fee, the Designs for which she has registered the copyrights, for use in productions throughout the United States and abroad, including the *Hello, Dolly!* Design.

14. Upon information and belief, BBCI acquired an original *Hello, Dolly!* physical set from Niko Associates, Inc., parent company of The Dolliko Company (the original producers of the last revival production of *Hello, Dolly!*) at some unknown time before 2003. Niko Associates, Inc. is, upon information and belief, a theatrical management and production company.

15. The Estate of Oliver Smith originally licensed the *Hello, Dolly!* Design to The Dolliko Company, a corporation established by Niko Associates, Inc. to manage its revival of *Hello, Dolly!*. [See Exhibit 3]. The Dolliko Company built the physical scenery according to the *Hello, Dolly!* Design fixed in the registered technical drawings and color sketches created by Smith, in accordance with the license.

16. That license allowed The Dolliko Company to use the *Hello, Dolly!* Design for its production of *Hello, Dolly!* However, it did not entitle any other party to use the Design embodied in the physical scenery for other productions, or to modify the physical set created according to the Design and licensed to The Dolliko Company. The license neither authorized The Dolliko Company to convey to any third party the right to publicly display the Design, nor to convey to any third party the right to use it in public performance.

17. Upon information and belief, BBCI used the set it purchased from Niko Associates, Inc. for a production of *Hello, Dolly!* in New Orleans in June 2003 at Le Petit Theatre du Vieux Carre. BBCI did not obtain permission from Sinisi or the Estate of Oliver Smith to publicly display the Design or use it in public performance, and has not paid licensing fees to her.

4

18. BBCI has likewise rented the *Hello, Dolly!* set it purchased from Niko Associates to other production companies throughout the United States, including, but not limited to, upon information and belief, the following:

    (A) Pittsburgh Theatre at the Benedum Center in Pittsburgh, Pennsylvania for a production on or about July 22, 2004;

    (B) Reagle Musical Theatre of Greater Boston at Robinson Theatre, Waltham, Massachusetts for a production running from June 18 through June 27, 2009; and

    (C) Gateway Playhouse in Belport, New York for a production running from August 4 through August 22, 2010.

    All of these companies used the original Oliver Smith *Hello, Dolly!* Design, which is recognizable as Smith's original Design for *Hello, Dolly!*, although altered, and, in some cases, upon information and belief, credited to Oliver Smith.

19. Sinisi is unaware at this time of other production companies to which BBCI has rented its set for *Hello, Dolly!*, but there may well be other infringing uses. Plaintiff reserves the right to amend this Complaint upon further discovery.

20. BBCI rented the set it acquired from Niko Associates (which was built according to the original *Hello, Dolly!* Design and subsequently modified by BBCI) to the above production companies, without authorization or license from Sinisi and without compensation to Sinisi. Sinisi did not grant to BBCI any right either to use the Design in public performance or to display it publicly, or to convey such rights to any third party. BBCI did not possess a license to engage in this conduct.

21. Upon information and belief, BBCI has received, at a minimum, at least $10,000.00 in rental fees for the *Hello, Dolly!* set from Gateway Playhouse. It is certain that

BBCI has received additional sums from the other known production companies, and perhaps from production companies unknown to Sinisi, all without compensation to Sinisi, the rightful holder of the copyright in the Design.

22. Upon information and belief, BBCI has maintained the set it purchased from Niko Associates that was constructed according to Niko's license to use the Oliver Smith *Hello, Dolly!* Design and then modified by BBCI without permission from Sinisi, in storage in New Orleans. It may be continuing to rent it out to additional theatrical production companies.

23. Upon information and belief, BBCI did not notify the production companies to which it rented the *Hello, Dolly!* set of its status as a copyrighted work subject to Sinisi's copyright in the Smith *Hello, Dolly!* Design.

24. Sinisi did not learn, and could not have learned, of the infringing uses until late 2010.

25. BBCI thus used Oliver Smith's *Hello, Dolly!* Design without authorization from, or compensation or recognition to Sinisi, by copying or adapting unique and material aspects of the Smith *Hello, Dolly!* Design, including without limitation exact images, elements, and structures designed by Smith, and the total concept and feel of the Smith *Hello, Dolly!* Design. Such conduct constitutes a taking of the *Hello, Dolly!* Design copyrighted by Sinisi and an infringement.

26. Furthermore, BBCI has encouraged, induced, contributed to and facilitated the display and performance of the Oliver Smith Design publicly while renting it, at a minimum, to the theatrical production companies listed in Paragraph 18.

27. BBCI's actions also constitute infringement of a "dramatic work" under the Copyright Act by public performance in the production in June 2003 in New Orleans,

Louisiana, described in Paragraph 17, by virtue of the Design's incorporation into, and identification with, the entire theatrical production of *Hello, Dolly!*, including the music and acting.

28. Moreover, by allegedly attempting to recreate, repaint or repair missing portions of the *Hello, Dolly!* set and making alterations thereto without reference to the original *Hello, Dolly!* Design, BBCI diluted its original and unique artistic elements, to the detriment of Smith's reputation and therefore to any future and ongoing licensing of Sinisi's rights in the Design, which is a significant source of income to Sinisi.

29. Upon information and belief, the productions listed in Paragraphs 17 and 18, in four different states, distributed programs and utilized advertising falsely crediting Oliver Smith for the design of the *Hello, Dolly!* set rented by BBCI, despite the unauthorized alterations made thereto by BBCI, and despite the fact that neither the production companies nor defendant obtained a performance or use license from Sinisi. The productions were presented and advertised in commerce throughout the period from 2003 through 2010.

### FIRST CLAIM FOR RELIEF
### LANHAM ACT VIOLATIONS

30. Plaintiff repeats and realleges paragraphs 1 through 29 of the Complaint as if fully set forth herein.

31. By reason of the facts hereinabove alleged, the defendant has falsely designated the origin of and has falsely represented the Smith *Hello, Dolly!* Design in commerce. In effect, BBCI has engaged in "passing off" by passing off its own alterations to the Smith *Hello, Dolly!* Design as the original Smith *Hello, Dolly!* Design.

7

32. Such false designations and representations have caused and will continue to cause actual severe and irreparable damage to plaintiff, in violation of 15 U.S.C. §1125(a).

33. Defendant has obtained gains, profits and advantages as a result of its wrongful acts in an amount not yet determined, but believed to be in excess of $125,000.00.

34. As a result of Defendant's acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, Defendant will continue to engage in "passing off" in derogation of Plaintiff's rights in the Smith *Hello, Dolly!* Design. Plaintiff is entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendant's continuing unlawful conduct.

## SECOND CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT

35. Plaintiff repeats and realleges the allegations of paragraphs 1 through 29 of the Complaint as if fully set forth herein.

36. Defendant has infringed Plaintiff's copyright in the Smith *Hello, Dolly!* Design in the following non-exclusive respects:

    (a) by reproducing, adapting, and/or publicly performing the copyrighted work without authorization in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501; and

    (b) by displaying the copyrighted work publicly in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

37. Each such infringement by Defendant constitutes a separate and distinct act of infringement.

38. Defendant's acts of infringement were willful, in disregard of and with indifference to the rights of Plaintiff.

39. As a direct and proximate cause of the infringement by Defendant, Plaintiff is entitled to damages and to Defendant's profits to be proven at trial which are not currently ascertainable. Alternatively, Plaintiff is entitled to maximum statutory damages of $150,00.00 for each act of copyright infringement or such other amount as may be proper under 17 U.S.C. §504(c).

40. Plaintiff is further entitled to her attorneys' fees and full costs in accordance with 17 U.S.C. §505.

41. As a result of Defendant's acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, Defendant will continue to infringe Plaintiff's rights in the Smith *Hello, Dolly!* Design. Plaintiff is entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendant's continuing infringing conduct.

42. Plaintiff has complied in all respects with the Copyright Act and secured the exclusive rights and privileges in and to the copyright of the Smith *Hello, Dolly* Design, and has filed with the Register of Copyrights for multiple certificates of registration (the "Sinisi Copyrights"). Sinisi is the sole owner of the Sinisi Copyrights.

43. Plaintiff has been damaged as a result of the copyright infringement set forth above in an amount not yet determined, but believed to be in excess of $125,000.00.

## THIRD CLAIM FOR RELIEF
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

44. Plaintiff repeats and realleges the allegations of paragraphs 1 through 29 of the Complaint as if fully set forth herein.

45. By enabling, facilitating, inducing, encouraging, and materially contributing to the infringing public displays and/or public performances of the Smith Designs as set forth more fully in Paragraphs 17 and 18, with actual knowledge of the infringement, BBCI contributed to the direct infringement of the Smith Designs, in violation of Plaintiff's exclusive rights under the Copyright Act, 17 U.S.C. §§106 and 501.

46. The public display and/or public performance of the Smith Designs to which Defendant materially contributes are unauthorized.

47. Defendant's acts of contributory infringement were willful, in disregard of, and with indifference to Sinisi's exclusive rights.

48. As a result of Defendant's acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, Defendant will continue to infringe Plaintiff's rights in the Smith *Hello, Dolly!* Design.. Plaintiff is entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendant's continuing infringing conduct.

49. Plaintiff has been damaged as a result of the contributory copyright infringement set forth above in an amount not yet determined, but believed to be in excess of $125,000.00.

50. Plaintiff is entitled to her attorneys' costs and fees in accordance with 17 U.S.C. §505.

51.  Plaintiff requests a jury trial on all the above and foregoing claims.

WHEREFORE, PLAINTIFF PRAYS for judgment against Defendant, Broadway Bound Costumes, Inc., in her favor on each and every claim for relief set forth and awarding her relief, including but not limited to, an Order:

(1) Preliminarily and permanently enjoining Defendant, its officers, employees, agents, subsidiaries, representatives, distributors, dealers, members, affiliates, and all persons acting in concert or participation with them from (i) infringing Sinisi's copyrighted works; and (ii) inducing or contributing to third party infringements of Sinisi's copyrighted works.

(2) Preliminarily and permanently enjoining Defendant, its officers, employees, agents, subsidiaries, representatives, distributors, dealers, members, affiliates, and all persons acting in concert or participation with them from "passing off" in derogation of Plaintiff's rights in the Smith *Hello, Dolly!* Design.

(3) Awarding Sinisi monetary relief including damages sustained by Sinisi in an amount not yet determined, including actual or statutory damages for violation of the Lanham Act. 15 U.S.C. §1125 and other applicable laws as appropriate.

(4) Awarding Sinisi monetary relief including damages sustained by Sinisi in an amount not yet determined, including actual or statutory damages for copyright infringement and willful copyright infringement under 17 U.S.C. §504 and other applicable laws as appropriate;

(5) Awarding Sinisi all other damages sustained by reason of Defendant's wrongful acts;

(6) Awarding Sinisi her costs and attorneys' fees in this action in accordance with 17 U.S.C. §505 and other applicable laws;

(7) Awarding Sinisi all other such relief as the Court may deem just and proper.

        Respectfully Submitted,

        CIMINI & ASSOCIATES

        /s/ Jennifer Stierman Edwards
By:  R. Vaughn Cimini (La. # 22018), T.A.
      Jennifer Stierman Edwards (La. #19394)
      301 Veterans Memorial Blvd., Ste. 205
      Metairie, LA 70005
      Telephone: 504-828-6870
      Facsimile: 504-828-6873

*COUNSEL FOR PLAINTIFF, ROSARIA SINISI*