# IN THE UNITED STATES DISTRICT COURT
## for the
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROSARIA SINISI ) | Civil Action No. 2:11-cv-02625 |
| Plaintiff ) | Section |
| Versus ) | |
| BROADWAY BOUND COSTUMES, INC. ) | Judge Ivan L. R. Lemelle |
| Defendant ) | Magistrate Judge Alma L. Chasez |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ANSWER

Defendant Broadway Bound Costumes, Inc., (Broadway Bound), appearing through undersigned counsel, answers the complaint of Plaintiff, Rosaria Sinisi (Sinisi), as follows:

1.

Broadway Bound admits that Sinisi seeks damages and injunctive relief and that it asserts jurisdiction under the United States Code provisions recited in its complaint. Broadway Bound contests, denies and disputes that Sinisi is entitled to any relief under the enumerated statutes.

2.

Broadway Bound admits its principal place of business is in the State of Louisiana but denies it has engaged in, contributed to, or induced any infringing conduct and further denies that it has "purposely directed its activities at the United States and in Louisiana."

3.

Broadway Bound admits that venue is proper in this district.

1

4.

Broadway Bound accepts that Sinisi is a citizen of New York.

5.

Broadway Bound admits it is a corporation with a principle place of business at 2737 Canal Street, New Orleans, Louisiana.

6.

Broadway Bound denies the allegations of paragraph 6, out of an abundance of caution, given that it has no first hand knowledge of the breadth, circumstances and details of the copyrights alleged to be held by Oliver Smith, the alleged death of Oliver Smith and the alleged inheritance of any copyrights by Sinisi.

7.

Broadway Bound denies the allegations of paragraph 7, out of an abundance of caution, given that it has never seen, nor has any first hand knowledge of any collective bargaining agreement, the alleged parties to same and the alleged conditions, details and provisions of same.

8.

Broadway Bound denies the allegations of paragraph 8, out of an abundance of caution, given that it has never seen and has no first hand knowledge of Oliver Smith's designs.

9.

Broadway Bound denies the allegations of paragraph 9, out of an abundance of caution, given that it has no first hand knowledge of the status of Oliver Smith's alleged copyrights.

10.

Broadway Bound admits the recordation of the referenced instrument.

11.

Broadway Bound denies the allegations of paragraph 11, out of an abundance of caution, given that it has never seen and has no first hand knowledge of the alleged designs, and further denies the allegations of paragraph 11 as representing conclusions of law.

12.

Broadway Bound admits the recordation of the referenced instruments.

13.

Broadway Bound denies the allegations of paragraph 13, out of an abundance of caution, given that it has no first hand knowledge of Sinisi's alleged business transactions.

14.

Broadway Bound admits it acquired certain physical components of a *Hello, Dolly!* set or sets from The Dolliko Company and/or Niko Associates, Inc. at some time prior to 2003. On information and belief the same had languished in a warehouse since the mid-1990's and were in

a deteriorated and neglected condition. The same were sold to Broadway Bound by Dolliko/Niko without any recited conditions or restrictions.

15.

Broadway Bound denies the allegations of paragraph 15, out of an abundance of caution, given that it has no first hand knowledge that the certain physical components of a *Hello, Dolly!* set or sets it acquired from The Dolliko Company and/or Niko Associates, Inc. were based on the alleged designs, drawings and sketches of Oliver Smith, or that they were built by Dolliko/Nico.

16.

The alleged license is the best evidence of its meaning and import.

17.

Broadway Bound admits that the certain physical components of a *Hello, Dolly!* set or sets it acquired from The Dolliko Company and/or Niko Associates, Inc. were used in a Le Petit Theatre du Vieux Carre production of *Hello, Dolly!* Broadway Bound denies that it "publically displayed" the certain physical components of a *Hello, Dolly!* set or sets it acquired from The Dolliko Company and/or Niko Associates, Inc., or that it used same in a "public performance."

18.

Broadway Bound admits that it rented certain physical components of a *Hello, Dolly!* set or sets it acquired from The Dolliko Company and/or Niko Associates, Inc. to other production companies, but denies, out of an abundance of caution, that the same were based on "the original Oliver Smith *Hello, Dolly*! Design, given that it has never seen and has no first hand knowledge of "the original Oliver Smith *Hello, Dolly!* Design. Further, said rentals included costumes,

drops and props above and beyond the certain physical components of a *Hello, Dolly!* set or sets it acquired from The Dolliko Company and/or Niko Associates, Inc.

19.

Broadway Bound cannot admit or deny Sinisi's state of awareness.

20.

Broadway Bound admits it rented certain physical components of a *Hello, Dolly!* set or sets it acquired from The Dolliko Company and/or Niko Associates, Inc. Further, said rentals included costumes, drops and props above and beyond the certain physical components of a *Hello, Dolly!* set or sets it acquired from The Dolliko Company and/or Niko Associates, Inc. Broadway Bound denies that it was required to obtain authorization or licensing from Sinisi. Broadway Bound denies that it used certain physical components of a *Hello, Dolly!* set or sets it acquired from The Dolliko Company and/or Niko Associates, Inc. in any public performances, or that it displayed same publically. Broadway Bound denies that it required a license to rent the certain physical components of a *Hello Dolly* set or sets it acquired from The Dolliko Company and/or Niko Associates, Inc.

21.

Broadway Bound admits that it was compensated for the rental of the certain physical components of a *Hello, Dolly!* set or sets it acquired from The Dolliko Company and/or Niko Associates, Inc., but denies that it is obligated to compensate Sinisi for the use of the certain physical components of a *Hello, Dolly!* set or sets it acquired from The Dolliko Company and/or Niko Associates, Inc. by third parties other than itself. Further said rental included drops, props

and costumes above and beyond the certain physical components of a *Hello, Dolly!* set or sets it acquired from The Dolliko Company and/or Niko Associates, Inc.

22.

Broadway Bound admits only that it has maintained the certain physical components of a *Hello, Dolly!* set or sets from The Dolliko Company and/or Niko Associates, Inc. but denies that it continues to rent same. Broadway Bound has communicated to Sinisi that it will no longer rent same, obviating the necessity for injunctive relief.

23.

The allegations of paragraph 23 are denied. Broadway Bound advised the production companies employing the certain physical components of a *Hello, Dolly!* set or sets from The Dolliko Company and/or Niko Associates, Inc., rented to them by Broadway Bound that the same were reputedly or supposedly based on the design or designs of Oliver Smith.

24.

The allegations of paragraph 24 are denied. Sinisi could have learned of the alienation of the certain physical components of a *Hello, Dolly!* set or sets acquired by Broadway Bound from The Dolliko Company and/or Niko Associates, Inc. and could have learned of Broadway Bound's acquisition and rental of same by the simple expedient of calling or communicating with The Dolliko Company and/or Niko Associates, Inc and then Broadway Bound,

25.

Broadway Bound denies that it took or used Oliver Smith's *Hello, Dolly!* set design.

26.

Broadway Bound denies that it contributed, encouraged, facilitated or induced the display or performance of Oliver Smith's *Hello, Dolly!* set design. Broadway Bound admits that it rented the certain physical components of a *Hello, Dolly!* set or sets acquired by Broadway Bound from The Dolliko Company and/or Niko Associates, Inc. to third parties.

27.

The allegations of paragraph 27 are denied as representing conclusions of law. Further Broadway Bound denies that it engaged in any public performance or theatrical production of *Hello, Dolly!* in June of 2003, or at any other time.

28.

Broadway Bound denies that it diluted any artistic or original elements of Oliver Smith's *Hello, Dolly!* set design by its maintenance and repair of the the certain physical components of a *Hello, Dolly!* set or sets acquired by Broadway Bound from The Dolliko Company and/or Niko Associates, Inc. Broadway Bound further denies that its maintenance and repair of the the certain physical components of a *Hello, Dolly!* set or sets acquired by Broadway Bound from The Dolliko Company and/or Niko Associates, Inc. has any detrimental effect on "Smith's reputation" or "to any future and ongoing licensing of Sinisi's rights in the Design."

29.

The allegations of paragraph 29 require no response from Broadway Bound in that it did not advertise or distribute programs crediting Oliver Smith for the design of the certain physical components of a *Hello, Dolly!* set or sets acquired by Broadway Bound from The Dolliko

7

Company and/or Niko Associates, Inc. Further, at no time did Broadway Bound ever "advertise in commerce" the availability for rent of the physical components of a *Hello, Dolly!* set or sets acquired by Broadway Bound from The Dolliko Company and/or Niko Associates, Inc.

## FIRST CLAIM FOR RELIEF

30.

Broadway Bound adopts its prior responses to the allegations of paragraphs 1 through 29.

31.

The allegations of paragraph 31 are denied as representing legal conclusions.

32.

The allegations of paragraph 32 are denied as representing legal conclusions.

33.

The allegations of paragraph 33 are denied.

34.

The allegations of paragraph 34 are denied. Broadway Bound has voluntarily agreed to cease the rental of the certain physical components of a *Hello, Dolly!* set or sets acquired by Broadway Bound from The Dolliko Company and/or Niko Associates, Inc.

## SECOND CLAIM FOR RELIEF

35.

Broadway Bound adopts its prior responses to the allegations of paragraphs 1 through 29.

36.

Broadway Bound denies that it adapted, displayed, publically performed or reproduced any copyrighted works.

37.

The allegations of paragraph 37 are denied as representing conclusions of law.

38.

The allegations of paragraph 38 are denied.

39.

The allegations of paragraph 39 are denied.

40.

The allegations of paragraph 40 are denied.

41.

The allegations of paragraph 41 are denied. Broadway Bound has voluntarily agreed to cease the rental of the certain physical components of a *Hello, Dolly!* set or sets acquired by Broadway Bound from The Dolliko Company and/or Niko Associates, Inc.

42.

The allegations of paragraph 42 are denied for lack of sufficient information to justify a belief therein. Broadway Bound admits the filing and recordation of the instruments referenced in paragraphs 10 and 12 by Sinisi.

43.

The allegations of paragraph 43 are denied.

## THIRD CLAIM FOR RELIEF

44.

Broadway Bound adopts its prior responses to the allegations of paragraphs 1 through 29.

45.

The allegations of paragraph 45 are denied as representing conclusions of law.

46.

The allegations of paragraph 46 require no response of Broadway Bound because it did not engage in any "public display and/or public performance of the Smith Designs."

47.

The allegations of paragraph 47 are denied.

48.

The allegations of paragraph 41 are denied. Broadway Bound has voluntarily agreed to cease the rental of the certain physical components of a *Hello, Dolly!* set or sets acquired by Broadway Bound from The Dolliko Company and/or Niko Associates, Inc.

49.

The allegations of paragraph 49 are denied.

50.

The allegations of paragraph 50 are denied.

51.

The allegations of paragraph 51 require no response.

52.

Broadway Bound disputes any entitlement to injunctive relief given that Broadway Bound has voluntarily agreed to cease the rental of the certain physical components of a *Hello, Dolly!* set or sets acquired by Broadway Bound from The Dolliko Company and/or Niko Associates, Inc. Broadway Bound denies that Sinisi is entitled to monetary relief, including damages. Broadway Bound denies that Sinisi is entitled to attorney fees.

AFFIRMATIVE DEFENSES

53.

First Affirmative Defense

Sinisi has failed to articulate a cause of action upon which relief can be granted.

54.

Second Affirmative Defense

Sinisi is barred from recovery under the Copyright Act because set design is not an enumerated subject susceptible to copyright under 17 U.S.C. 102.

55.

Third Affirmative Defense

Sinisi is barred from recovery under the Copyright Act because at no time did Broadway Bound violate any of the exclusive rights under 17 U.S.C. 106.

56.

Fourth Affirmative Defense

Sinisi is barred from recovery under the Copyright Act because at no time did Broadway Bound ever copy, rely upon, reproduce, see or use in any way "the original Oliver Smith *Hello, Dolly!* Design."

57.

Fifth Affirmative Defense

Sinisi is barred from recovery under the Copyright Act because at no time did Broadway Bound display or use the the certain physical components of a *Hello, Dolly!* set or sets acquired by Broadway Bound from The Dolliko Company and/or Niko Associates, Inc. in a public performance.

58.

Sixth Affirmative Defense

Sinisi is barred from recovery under the Lanham Act because at no time did Broadway Bound make any false or misleading descriptions, representations or statements in, or affecting interstate commerce, nor did it advertise or market in interstate commerce.

59.

Seventh Affirmative Defense

Sinisi is barred from recovery under the Lanham Act because there occurred no confusion, deception or mistake in the mind of the public.

60.

Eighth Affirmative Defense

Sinisi is barred from recovery under the applicable statutes of limitations.

61.

Ninth Affirmative Defense

Sinisi is further barred from recovery by equitable estoppel and latches given that Sinisi apparently made no effort to determine the disposition of the certain physical components of a *Hello, Dolly!* set or sets acquired by Broadway Bound from The Dolliko Company and/or Niko Associates, Inc. and could have done so in the exercise of reasonable diligence and given the failure to demonstrate any prior enforcement or protection actions.

62.

Tenth Affirmatiive Defenses

Although Broadway Bound denies that Sinisi is entitled to damages, any damage award determined by the Court should be offset by the value of the costumes, drops and props rented by it, above and beyond the certain physical components of a *Hello, Dolly!* set or sets it acquired from The Dolliko Company and/or Niko Associates, Inc., and further offset by the value of the actual physical set or sets itself/themselves.

RESPECTFULLY SUBMITTED,

*Michael Tifft* (signature)

Michael W. Tifft #17829
Law Office of Michael W. Tifft
710 Carondelet Street
New Orlenans, LA 70130
(504) 581-4334
Facsimile (504) 581-4335

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2011, I electronically submitted the foregoing document with the Clerk of Court for the United States District Court for the Eastern District of Louisiana, using the electronic case filing system of the Court, and that the electronic case filing system sent a "Notice of Electronic Filing to counsel who have appeared of record and have consented in writing to the acceptance of service of pleadings by electronic means.

*[signature]*
Michael W. Tifft, Bar No. 17829